# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

THE ESTATE OF SCOTT W.
THOMPSON, by the Personal
Representatives, RANDY W.
THOMPSON and VICKY J.
THOMPSON, and RANDY W.
THOMPSON and VICKY J.
THOMPSON, Individually,

       Plaintiffs,

vs.

KAWASAKI HEAVY INDUSTRIES,
LTD., and KAWASAKI MOTORS
CORP., U.S.A.,

       Defendants.

No. C 11-4026-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING KAWASAKI'S
MOTION TO RECONSIDER**

**(UNDER SEAL)**

_____

     This case is before me on Kawasaki's February 28, 2013, Motion To Clarify P. 52 Of Court's Ruling On Pretrial Motions (docket no. 121). The Motion To Clarify concerns the scope of evidence and argument that Kawasaki may offer to show that an alleged "design defect" in the 2007 Ninja ZX-10R motorcycle that Scott Thompson was riding at the time of his accident was not a cause of his death almost three years after the accident. I heard arguments on this matter during a conference call on March 8, 2013, and the matter has also been addressed in exchanges of e-mails concerning the parties' and my own proposed Jury Instructions.

     I note that, in its Motion To Clarify at 2, Kawaski argued that it "intends to present evidence that Scott Thompson's failure to follow medical advice played a role in causing his death." Subsequently, in its March 11, 2013, Objections To The Court's

Proposed Instructions To The Jury (03/09/13 "Unannotated" Revised Version) (docket no. 128) at 2, however, Kawasaki stated that it "does not intend to argue at trial that Scott Thompson's failure to follow medical advice caused his death," and that an instruction concerning that argument was, consequently, unnecessary. Thus, from the Final Pretrial Order and e-mails concerning the "causation of death" issue, it now appears that the only evidence that Kawasaki intends to offer is from one of its experts, Dr. Harry Smith (a physician), that Mr. Thompson had pre-existing severe Obstructive Sleep Apnea (OSA) prior to the accident and that this may have caused his death.

After considering all of the submissions, I conclude that Kawasaki will not be allowed to present testimony from its expert that sleep apnea was a cause of Scott Thompson's death. I also conclude that, while I will query the jurors as to whether or not the design defect was a cause of Scott Thompson's death as well as his injury, I am overruling any request for specific instructions on other causes of his death.

Specifically, Kawasaki belatedly relied on two cases to support its contention that expert testimony that sleep apnea was a "possible" cause of Scott Thompson's death is sufficient to raise a jury question, *Oak Leaf Country Club, Inc. v. Wilson*, 257 N.W.2d 739, 747 (Iowa 1977), and *Winter v. Honeggers' & Co., Inc.*, 215 N.W.2d 316, 323 (Iowa 1974). I find both cases distinguishable. These cases stand for the proposition that, while "probability" that a certain circumstance was a cause of injury is required, an expert's testimony that a certain circumstance is a "possible" cause of injury is sufficient to raise a jury question *when combined with non-expert testimony that the condition or injury that plaintiff complains about did not exist before occurrence of the circumstance identified by the expert as a "possible" cause*. *See Oak Leaf*, 257 N.W.2d at 747; *Winter*, 215 N.W.2d at 323. Thus, expert testimony of a "possible" cause, plus other evidence that the "possible" cause did occur, plus injury only after the "possible" cause occurred, equals sufficient "probability" to raise a jury question. This

string of events plainly is not presented here: the "possible" cause identified by Kawasaki's expert, sleep apnea, existed *before* the accident allegedly caused by a design defect in Scott Thompson's motorcycle. Thus, there is no other evidence that the death occurred only after the "possible" cause identified by Kawasaki's expert occurred that would raise that "possible" cause to a level of "probability" sufficient to generate a jury question.

THEREFORE, Kawasaki's February 28, 2013, Motion To Clarify P. 52 Of Court's Ruling On Pretrial Motions (docket no. 121) is **granted** to the extent that

1.      I conclude that Kawasaki will not be allowed to present testimony from its expert that sleep apnea was a cause of Scott Thompson's death, and

2.      I will query the jurors as to whether or not the design defect was a cause of Scott Thompson's death as well as his injury, but

3.      any requests for instructions on any cause of death other than a "design defect" are overruled.

**IT IS SO ORDERED**.

**DATED** this 11th day of March, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA